## In re CHARLES WIRTH & CO., Inc.

### (District Court, D. Massachusetts. April 7, 1920.)

**Bankruptcy ☞206—Direction that attaching creditor assign claim to trustee held proper.**

> Where, shortly before adjudication in bankruptcy, a creditor in suit against bankrupt attached bankrupt's funds on deposit in a trust company, and the company thereafter by mistake paid them out on bankrupt's checks an order that the attachment be retained for the benefit of the estate that the creditor assign his claim to the trustee for benefit of the estate, and that the trustee prosecute the suit to judgment to secure the attached funds, is proper; the payment by mistake not diminishing the rights of the trustee as it would not have diminished those of the attaching creditor.

In the matter of Charles Wirth & Co., Incorporated, bankrupt. An order was made to have an attachment retained for the benefit of the estate, etc., and petition to review it is filed by the Fidelity Trust Company, and opposed by Henry F. Wood and others, trustees. Order affirmed.

The certificate of Referee Olmstead is as follows:

This was a petition to review an order entered on June 25, 1919, to preserve a lien of attachment. On May 6, 1919, Henry F. Wood, Esq., the receiver appointed in said estate, filed a petition asking that an attachment of funds belonging to the debtor corporation made by Childs, Sleeper & Co. by virtue of a writ issued out of the superior court on the 15th day of April, 1919, be preserved for the benefit of said estate, in accordance with section 67f of the act (Comp. St. § 9651). On April 25, 1919, the debtor filed a voluntary petition and was duly adjudicated on the same date. The answer of the respondent Fidelity Trust Company admits all the material allegations of the petition, but denies the jurisdiction of the court in the premises. By a motion filed May 22, 1919, due notice of said application has been given to the said attaching creditors, and the debtor by its appearance has also been duly notified.

Jurisdiction as to preservation of such attachment for the benefit of an estate according to the language of said subsection seems to be undoubted. The statute provides: "And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect." In re Jules & Frederic Co. (D. C. Mass.) 36 Am. Bankr. Rep. 233, and cases cited.

As to the merits, the status of the parties is fixed as of the time of the filing of the petition. In re Howe (D. C. Mass.) 37 Am. Bankr. Rep. 601, 235 Fed. 908; Edison Electric Illuminating Co. of Boston v. Tibbetts, 241 Fed. 468, 154 C. C. A. 300; In re Michaelis & Lindeman (D. C. N. Y.) 27 Am. Bankr. Rep. 299, 196 Fed. 718.

Francis T. Leahy, of Boston, Mass., for trustees.

Eaton & McKnight and Charles T. Cottrell, all of Boston, Mass., for respondent.

MORTON, District Judge. The facts are not stated in the certificate of the referee; but they are not in dispute and from statements of counsel appear to be as follows: The bankrupt had funds on deposit in the Fidelity Trust Company. They were attached on trustee

process in a suit against the bankrupt by Childs, Sleeper & Co. on April 15, 1919. After the attachment the Trust Company, by mistake, paid out the funds on checks drawn in favor of certain creditors of the bankrupt. Nine days later the bankrupt was adjudicated on a voluntary petition. Upon the adjudication, the Trust Company, contending that the attachment had thereby been dissolved, undertook to offset its claim against the bankrupt on the checks paid by mistake against the amount of the deposit. About a month later the receiver of the bankrupt moved to have the attachment of Childs, Sleeper & Co. retained for the benefit of the estate. The learned referee so ordered, and directed Childs, Sleeper & Co. to assign their claim against the bankrupt to the trustees for the benefit of the estate, and the trustees to prosecute the suit to judgment, with the object of securing the funds affected by the attachment.

In so doing, it seems to me, he was plainly right. The mistake of the bank in paying out the deposit after the attachment had been served would not have diminished the rights of the attaching creditor; and on the facts as they now appear I perceive no good reason why it should be held to diminish the rights of the trustees.

Order affirmed.